Opinion by
Mr. Justice Moore.
*71 We will refer to the parties as plaintiff and defendant, as they appeared in the trial court.
It was alleged by plaintiff that he was a passenger in an' automobile which was struck by a car negligently driven by defendant, whereby he sustained injuries. Defendant denied negligence on his part and asserted affirmative defenses.
The collision of the cars occurred at 16th Street and Broadway in Denver. The car in which plaintiff was riding was going south on Broadway and defendant was going north and was about to make a left turn to enter 16th Street. Trial was to the court without a jury resulting in the entry of judgment for the defendant.
Plaintiff asserts, as grounds for reversal, that the trial court erred in finding that he had failed to establish negligence on the part of defendant, and contends that this court must hold that defendant was shown to have been guilty of negligence as a matter of law, which was the proximate cause of the injuries of which plaintiff complained.
On behalf of defendant it is asserted that:
“* * * this case having been tried to the court, without a jury, the court was the trier of the facts, and the findings of the trial court are binding * * * unless the evidence is wholly insufficient to sustain them. There was sufficient evidence to sustain the court’s findings.”
We have read the transcript of evidence and conclude therefrom that the trial court did not commit error in making the following findings upon conclusion of the trial:
“* * * the plaintiff can not recover in this case because the plaintiff has not established by a preponderance of the evidence any negligence on the part of the defendant which was the proximate cause of the injuries sustained by the passenger in plaintiff’s car.
“I am satisfied from the evidence that the defendant’s car was standing still when it was hit, and even though a portion of the front end of that car might have been *72 projected a short distance across the lane, southbound lane, still that in itself would not constitute negligence sufficient to justify an award of damages for the plaintiff. The fact that other cars passed the defendant’s car after it came to a full stop in the lane in which the Ferraris car was driving has not been disputed.
“For those reasons I think the plaintiff can not recover.”
The judgment entered upon these findings should be and is affirmed.
Mr. Justice Day and Mr. Justice McWilliams concur.